IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RAYMOND LLOYD WALLACE                                                    PLAINTIFF

vs.                                     Civil No. 6:07-cv-06048

MICHAEL J. ASTRUE                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Raymond Lloyd Wallace ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his application

for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to

the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion

and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed an application for DIB on September 9, 1997.  (Tr. 93-96).  In this

application, Plaintiff claimed he was disabled due to a "fracture of [a] lower limb" and alleged an

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

onset date of October 1, 1996.  (Tr. 50-51, 93-96).  On December 16, 1997, the SSA found Plaintiff's impairment met the requirements for Listing 1.06, and Plaintiff's claim for DIB was approved.  (Tr. 50-51, 93-96, 109).  The SSA found Plaintiff's onset date was October 7, 1996.  *See id*.  Thereafter, the SSA conducted a continuing disability review, determined there had been a substantial medical improvement in the claimant's impairment, and on May 1, 2000, ceased Plaintiff's DIB.  (Tr. 52). On June 22, 2000, Plaintiff filed a request for reconsideration of this disability cessation, claiming the following: "[I] [s]till have great pain in my leg."  (Tr. 64-65).  On August 23, 2000, the SSA, after reconsidering Plaintiff's case, found his health had improved, he was able to work, and he was no longer entitled DIB.  (Tr. 66-79).

On August 31, 2000, Plaintiff requested a hearing by the ALJ on this unfavorable disability determination.  (Tr. 80).  The SSA set Plaintiff's case for a hearing before an ALJ, but Plaintiff did not attend the hearing.  (Tr. 58).  On September 27, 2001, the ALJ entered an Order of Dismissal dismissing Plaintiff's request for a hearing because he failed to appear at the hearing.  *See id.*  On November 27, 2001, Plaintiff filed a request for review of this Order of Dismissal with the Appeals Council. (Tr. 82-83).  The Appeals Council reviewed the ALJ's Order of Dismissal, entered an order remanding Plaintiff's case to the ALJ, and ordered that the ALJ provide Plaintiff with "another opportunity for a hearing."  (Tr. 84-86).

On October 31, 2002, the ALJ held a hearing in Hot Springs, Arkansas in Plaintiff's case. (Tr. 252-266).  Plaintiff was present but was not represented by counsel at this hearing.  *See id.* Plaintiff and Vocational Expert ("VE") Dwight Turner testified at this hearing.  *See id.*  On February 24, 2003, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB.  (Tr. 12-19). The ALJ based this determination upon VE Turner's testimony that "there are significant numbers

2

of jobs existing in the economy consistent with the claimant's residual functional capacity, age, education, and work experience.  Examples include assembler or cashier."  (Tr. 18, Finding 8).

On April 22, 2003, the Plaintiff requested that the Appeals Council review the ALJ's hearing decision. (Tr. 8).  On June 28, 2005, the Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the final decision of the SSA.  (Tr. 5-7).  *See* 20 C.F.R. § 404.984(b)(2).  On August 8, 2005, Plaintiff appealed the ALJ's decision to Judge Bobby E. Shepherd of the United States District Court for the Western District of Arkansas.  (Doc. No. 1).  Judge Bobby E. Shepherd reversed and remanded Plaintiff's case to the SSA on September 21, 2006, finding that the ALJ failed to properly consider Plaintiff's RFC.  (Tr. 291-298).

On February 22, 2007, the ALJ held a second hearing in Plaintiff's case.  (Tr. 323-365).  Plaintiff was present and was represented by counsel, Shannon Carroll, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") Nancy Hughes testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had a high school education.  (Tr. 327).

On March 28, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB.  (Tr. 270-278).  In this decision, the ALJ determined Plaintiff was disabled within the meaning of the Act effective October 7, 1996 because he met the requirements of Listing 1.06.  (Tr. 277, Findings 1-2).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his onset date.  (Tr. 277, Finding 3).  The ALJ determined that, as of May 1, 2000, Plaintiff's ability to perform work activities had improved.  (Tr. 277, Finding 4).  The ALJ then made the following determination:

> Thus, on the basis of the evidence in its entirety, it is the finding of the undersigned that there has been both medical improvement and an increase in residual functional capacity. While his impairment is considered "severe" within the meaning of the Regulations, based on clinical signs, symptoms, and laboratory findings, medical improvement has occurred.

(Tr. 277, Finding 4). The ALJ determined that this medical improvement was related to Plaintiff's ability to perform basic work activities. (Tr. 277, Finding 5).

The ALJ then determined Plaintiff's RFC and determined that although Plaintiff could not perform his Past Relevant Work ("PRW"), he could perform other work existing in significant numbers in the economy. (Tr. 277, Findings 6-8). First, based upon his review of the evidence in the record, the ALJ determined Plaintiff retained the following RFC since at least May 1, 2000:

> [T]he claimant has maintained residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours in an 8 hour day; and stand/walk 2 hours in an 8 hour day. He is unable to crawl; climb ropes, ladders, or scaffolds; nor operate foot controls using the lower left extremity. Finally, he can occasionally crouch.

(Tr. 277, Finding 6). Second, the ALJ determined that Plaintiff could not perform his PRW but could perform work existing in significant numbers in the national economy. (Tr. 277, Findings 7-8). Specifically, VE Hughes testified that Plaintiff could not perform his PRW as an electrical helper (medium, semi-skilled work) or as an electrical supervisor (medium, skilled work). (Tr. 277, Findings 7-8). VE Hughes, however, did testify that Plaintiff could still perform work as a maintenance scheduler (1,000 such jobs statewide and 100,000 such jobs nationwide); receptionist (4,000 such jobs statewide and 500,000 such jobs nationwide); and order clerk (1,000 such jobs statewide and 150,000 such jobs nationwide). (Tr. 277, Finding 8). Based upon this finding, the ALJ determined that Plaintiff had been able to engage in work activities since at least May 1, 2000 and that his disability ceased on May 1, 2000. (Tr. 277-278, Findings 9-10).

4

Although the request and denial are not included in the record provided to the Court, Plaintiff presumably requested that the Appeals Council review the ALJ's unfavorable determination, and the Appeals Council declined to review that unfavorable determination.[2] Thus, the ALJ's unfavorable determination was the final determination of the SSA. *See* 20 C.F.R. § 404.984(b)(2). On June 25, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on July 9, 2007. (Doc. No. 4). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

---

[2]The Defendant did not raise this issue, therefore the Court assumes the Appeals Council declined to review the ALJ's decision.

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion</u>:**

**A. Parties' Arguments**

6

Plaintiff brings the present appeal, claiming the following: (A) the ALJ's disability determination is not supported by substantial evidence in the record; and (B) the record in Plaintiff's case is incomplete because it does not contain all of his medical records and does not contain his medication list. (Doc. No. 7, Pages 3-18). In response, Defendant argues that substantial evidence supports the SSA's unfavorable disability determination that Plaintiff experienced a medical improvement related to his ability to work and that he was no longer disabled within the meaning of the Act as of May 1, 2000. (Doc. No. 8, Pages 3-12). In response to the second issue Defendant argues that many of the medical records Plaintiff claims were not included in the transcript *were in fact* included in the transcript. *See id.* at 4. Defendant also argues that there is no indication in the record that the medical records not included in the transcript–namely, the VA records from 2003 to 2004–were admitted during the administrative hearing or should have been included in the certified transcript. *See id.* Because this Court finds this case must be remanded pursuant to sentence six of 42 U.S.C. § 405(g), the Court will only address Plaintiff's second argument.

**B. Incomplete Record**

Plaintiff claims the record in his case is incomplete because it does not include his medical records that are dated from 2002 until 2004. (Doc. No. 7, Page 5-6). These records are attached as Exhibit A to Plaintiff's appeal brief. (Doc. No. 7). Plaintiff claims these records were admitted during the hearing on February 22, 2007 and that they should have been included as part of the certified transcript in Plaintiff's case. *See id.* Plaintiff claims that the "records were received and marked as exhibits but were never made a part of the record or the transcript." *See id.* Plaintiff claims that because these records were not included in the transcript in Plaintiff's case, the ALJ was not able to properly consider Plaintiff's degenerative joint disease of his legs and knees. *See id.*

Plaintiff claims the ALJ was also not able to properly consider Plaintiff's anxiety and depression which resulted from Plaintiff's chronic pain and other physical limitations.  (Doc. No. 7, Page 14).

In response, Defendant claims that of the records included in Exhibit A, only Plaintiff's medical records *dating from 2003 until 2004* are not included in the certified transcript.  (Doc. No. 8, Pages 4).  Defendant claims that Plaintiff's other medical records (including his records from 2002) and the list of medications are included in the certified transcript.  *See id.*  Defendant does not dispute Plaintiff's claim that the ALJ failed to consider the medical records dating from 2003 until 2004 when he entered his unfavorable disability determination.  (Doc. No. 8, Pages 4).  Defendant also does not dispute the fact that the records dating from 2003 until 2004 were not included in the certified transcript.

It is unclear the precise reason these additional medical records were not included as a part of the certified transcript.  Assuming Plaintiff's counsel claim is correct in her claim that these records were admitted at the ALJ's February 22, 2007 hearing, the ALJ should have considered these additional records prior to entering an unfavorable disability determination.  Accordingly, because this issue is in dispute and in order to ensure that all of Plaintiff's records are properly considered in this case, this Court finds that Plaintiff's case should be remanded to the ALJ pursuant to sentence six of 42 U.S.C. § 405(g) for the consideration the records dating from 2003 to 2004 (included as a part of Exhibit A).  *See Travis v. Astrue,* 477 F.3d 1037, 1039-40 (8th Cir. 2007) (noting that "[u]nder sentence six, 'the district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination.'" (quoting *Melkonyan v. Sullivan,* 501 U.S. 89, 98 (1991))).

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of additional evidence, including records dating from 2003 to 2004.

**ENTERED this 11th day of June, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE